UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Dorit Maritta Fuhg

Plaintiff,

v.

Case No.:
1:24−cv−05559

Honorable Sunil R. Harjani

The Partnerships and Unincorporated Associations
Identified on Schedule A

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, July 16, 2024:

MINUTE entry before the Honorable Sunil R. Harjani: Plaintiff's motion for leave to file under seal [12], motion to exceed page limitation [13], and ex parte motion for a temporary restraining order, including a temporary injunction, a temporary asset restraint, expedited discovery, service of process by email and/or electronic publication [14] are granted. Plaintiff's submissions establish that, were defendants to learn of these proceedings before the execution of plaintiff's requested preliminary injunctive relief, there is a significant risk that defendants could destroy relevant documentary evidence and hide or transfer assets beyond the reach of the Court. Accordingly, subject to unsealing at an appropriate time, plaintiff may file under seal the documents identified in the motion to seal. The Temporary Restraining Order being entered along with this minute order shall also be placed under seal. In addition, for the purpose of the motions cited above, plaintiff&#039;s filings support proceeding on an ex parte basis at this time. Specifically, and as noted above, were defendants to be informed of this proceeding before a TRO could issue, the Court finds that it is likely that their assets and websites would be redirected, thus defeating plaintiff's interests in identifying defendants, stopping defendants' infringing conduct, and obtaining an accounting. In addition, the evidence submitted by plaintiff shows a likelihood of success on the merits (including evidence of active infringement and sales into Illinois), that the harm to plaintiff is irreparable, and that an injunction is in the public interest. An injunction serves the public interest because of the consumer confusion caused by defendants' unauthorized use of plaintiff's copyrighted works, and there is no countervailing harm to defendants from an order directing them to stop infringement. Electronic service of process does not violate any treaty and is consistent with due process because it effectively communicates the pendency of this action to defendants. Expedited discovery is warranted to identify defendants and to implement the asset freeze. The Court presumptively requires a bond of $1,000 per defendant. Enter Sealed Temporary Restraining Order at 3:45 p.m. on 7/16/2024. Plaintiff shall file the TRO extension motion (or a preliminary injunction motion) if appropriate no later than 7/23/2024. Telephone status hearing is set for 7/30/2024 at 9:15 a.m. Members of the public and media will be able to call in to listen to

this hearing but will be placed on mute. The call–in number is (855) 244–8681 and the access code is 172 628 1276##. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.